IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
December 1, 2020 Session

FILED
05/24/2021
Clerk of the
Appellate Courts

## BRADLEY CHURCH v. CRISTAL MCMILLAN CHURCH JONES

**Appeal from the Circuit Court for Hamilton County**
**No. 09D998      L. Marie Williams, Judge**

_____

**No. E2020-00584-COA-R3-CV**

_____

A father filed a petition to modify his monthly child support payments. Due to several delays, the trial court did not resolve the father's petition for approximately four years. After hearing all the evidence, the trial court drastically reduced the father's monthly support obligation and ordered the modification effective as of the last day of the modification hearing. The father appeals the trial court's decision not to make the modification retroactive to the date the petition to modify was filed. Finding no abuse of discretion, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ANDY D. BENNETT, J., delivered the opinion of the Court, in which JOHN W. MCCLARTY and THOMAS R. FRIERSON, II, JJ., joined.

Bradley D. Church, Hixson, Tennessee, pro se.

Christina Renee Mincy, Chattanooga, Tennessee, for the appellee, Cristal McMillan Church Jones.

## OPINION

### FACTUAL AND PROCEDURAL BACKGROUND

Bradley Church ("Father") and Cristal McMillan Church Jones ("Mother") are the parents of two minor children. The parties were divorced by order of the court on December 20, 2010. In the final decree, the trial court adopted a permanent parenting plan designating Mother as the primary residential parent and ordering Father to pay monthly child support to Mother in the amount of $856. Since the entry of the final decree, the parties have returned to court numerous times for issues regarding the parenting plan and child support. Although the parenting plan has mostly remained the same, the trial court

modified Father's child support obligation several times. Notably, in August 2014, the court increased Father's monthly child support obligation to $1,755.

On September 11, 2015, Father filed a petition to modify his child support obligation once again due to a significant decrease in his income. The hearing on the modification petition began on February 21, 2017. Due to several delays, however, the hearing did not conclude until September 5, 2019. After hearing all the proof, the trial court entered an order reducing Father's child support obligation to $552 per month. The court determined that the equities in the case required it to exercise its discretion to order the modification effective as of the last day of the hearing, September 5, 2019, rather than from the date Father filed the modification petition.

Father filed a "Motion to Appeal" in the trial court on January 2, 2020, asserting, in part, that the trial court erred in miscalculating Mother's income and not making the child support modification retroactive to the filing of the petition to modify. The trial court treated Father's motion as a motion to alter or amend the judgment pursuant to Tenn. R. Civ. P. 59.04. After concluding that Mother's income had been miscalculated, the court granted Father's motion, in part, by reducing his child support payments to $500 per month. The court denied Father's request to order the modification retroactive to the filing of the petition to modify and provided a detailed explanation for its decision.

On appeal, Father presents the following issue for our review: whether the trial court abused its discretion in ordering the child support modification to be effective as of the last day of the modification hearing rather than from the filing of the petition to modify.

STANDARD OF REVIEW

In non-jury cases, we review a trial court's factual findings de novo, with a presumption of correctness unless the evidence preponderates otherwise. TENN. R. APP. P. 13(d); *McCosh v. McCosh*, No. E2014-01702-COA-R3-CV, 2015 WL 5121077, at *6 (Tenn. Ct. App. Aug. 31, 2015) (citing *Kaplan v. Bugalla*, 188 S.W.3d 632, 635 (Tenn. 2006)). The appellant bears the burden of proving that the evidence preponderates against the trial court's judgment. *In re M.L.D.*, 182 S.W.3d 890, 894 (Tenn. Ct. App. 2005). Furthermore, "the appellant has the duty to prepare the record which conveys a fair, accurate, and complete account of what transpired in the trial court regarding the issues which form the basis of the appeal" to enable this Court to determine whether the evidence preponderates against the trial court's findings. *Id.* at 894-95 (citing TENN. R. APP. P. 24). Insofar "as we have no proper transcript or statement of the evidence, we must presume that there was sufficient evidence to support the trial court's factual findings." *Kramer v. Kramer*, No. E2018-00736-COA-R3-CV, 2019 WL 1239867, at *4 (Tenn. Ct. App. Mar. 18, 2019). We review a trial court's conclusions of law de novo, without a presumption of correctness. *McCosh*, 2015 WL 5121077, at *6 (citing *Kaplan*, 188 S.W.3d at 635).

ANALYSIS

As a preliminary matter, we note that Mr. Church is a pro se litigant. This court has stated the following principles about pro se litigants:

> Parties who decide to represent themselves are entitled to fair and equal treatment by the courts. The courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe.

*Young v. Barrow*, 130 S.W.3d 59, 62-63 (Tenn. Ct. App. 2003) (citations omitted); *see also Hessmer v. Hessmer*, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003). Additionally, we allow pro se litigants some latitude in preparing their briefs and endeavor to "give effect to the substance, rather than the form or terminology," of their court filings. *Young*, 130 S.W.3d at 63.

## I. Effective date of the child support modification.

In regard to decisions about the effective date of a child support modification, this court has held that a "'trial court has the discretion to order the modification effective as of the date of the modification petition, the date of the final hearing, or any appropriate date in between.'" *Huntley v. Huntley*, 61 S.W.3d 329, 339 (Tenn. Ct. App. 2001) (quoting *Bjork v. Bjork*, No. 01A01-9702-CV-00087, 1997 WL 653917, at *8 (Tenn. Ct. App. Oct. 22, 1997)). Therefore, appellate courts decline to disturb a trial court's decision regarding the effective date of a modification absent an abuse of discretion. *Id.* A court abuses its discretion when it "'applie[s] incorrect legal standards, reache[s] an illogical conclusion, base[s] its decision on a clearly erroneous assessment of the evidence, or employ[s] reasoning that causes an injustice to the complaining party.'" *State v. Banks*, 271 S.W.3d 90, 116 (Tenn. 2008) (quoting *Konvalinka v. Chattanooga-Hamilton Cty. Hosp. Auth.*, 249 S.W.3d 346, 358 (Tenn. 2008)). "Appellate courts should permit a discretionary decision to stand if reasonable judicial minds can differ concerning its soundness." *White v. Vanderbilt Univ.*, 21 S.W.3d 215, 223 (Tenn. Ct. App. 1999).

### A. Incorrect legal standard.

Father contends that the trial court abused its discretion because the court made its determination by applying an incorrect legal standard. Specifically, Father argues that the trial court's decision not to make the child support modification retroactive to the date of the filing of the modification petition constituted a deviation from the presumptive amount

of child support established by the child support guidelines.  Therefore, Father asserts, the trial court abused its discretion by not including written findings of fact warranting such a deviation. To support his argument, Father relies on Tenn. Comp. R. & Regs. 1240-02-04-.07(c)[1] which provides that, "[w]hen ordering a deviation from the presumptive amount of child support established by the [Child Support] Guidelines," a trial court's order must contain written findings of fact supporting the deviation.

Presumptive child support is defined as "the amount of support to be paid for the child derived from the parent's proportional share of the basic child support obligation, adjusted for parenting time, plus the parent's proportional share of any additional expenses."  TENN. COMP. R. & REGS. 1240-02-04-.02(21).  The trial court applied the formula in the child support guidelines and determined that the presumptive amount was $500, which is the exact amount to which the court modified Father's monthly support obligation.   By making the support modification effective as of the last day of the modification hearing, the trial court did not order Father to pay more or less than the presumptive amount.   Rather, the court's decision merely established when the modification, based on the new presumptive amount, would go into effect.  Thus, Tenn. Comp. R. & Regs. 1240-02-04-.07(c) does not apply to the facts of this case.   This argument is without merit.

Father also argues that the trial court applied an incorrect legal standard because it failed to follow the precedent set in *Blackwell v. Blackwell*, No. M2015-01624-COA-R3-CV, 2016 WL 3640350 (Tenn. Ct. App. June 29, 2016).  We respectfully disagree.  In that case, the trial court increased the father's child support obligation but declined to make the increase retroactive to the date the mother filed her petition to modify support. *Blackwell*, 2016 WL 3640350, at *4.  On appeal, we concluded that the trial court abused its discretion in not ordering the modification retroactive to the filing date of the petition to modify because the court "provided no adequate factual or legal basis for allowing Father to avoid the payment of his child support obligation, pursuant to the Child Support Guidelines, for eleven months." *Id.* at *5.  Contrary to Father's assertion, the holding in *Blackwell* does not require a court to order child support modifications retroactive to the filing of the petition to modify in every case.  Rather, *Blackwell*'s holding requires that, when a trial court determines a support modification should not be retroactive to the filing of the petition to modify, the court must provide an adequate factual or legal basis for its decision. *Id.*  In this case, the trial court provided six detailed reasons for why it exercised its

---

[1] Although the argument is not clearly articulated in his appellate brief, it appears that Father also asserts that Tenn. Comp. R. & Regs. 1240-02-04-.06(1) required the trial court to order the modification retroactive to the filing of the petition to modify.  We respectfully disagree.   Father correctly points out that, unless certain rebuttal provisions that are not applicable here have been established, Tenn. Comp. R. & Regs. 1240-02-04-.06(1) requires a trial court to include a judgment for retroactive child support "in cases in which *initial support* is being set."  (Emphasis added). This case, however, does not involve an initial support determination.  Instead, it involves a modification of an existing support order.  As a result, Tenn. Comp. R. & Regs. 1240-02-04-.06(1) does not apply to the facts of this case.

discretion not to order the modification retroactive to the filing of the petition to modify. (The six reasons will be discussed more thoroughly below.) Thus, the trial court complied with the holding in *Blackwell*. This argument is without merit.

B. Erroneous assessment of the evidence.

Father next contends that the trial court abused its discretion in not ordering the child support modification effective as of the filing of the petition to modify because the court based its decision "on a clearly erroneous assessment of the evidence." In the order denying Father's motion to alter or amend the effective date of the modification, the trial court explained that it was exercising its discretion to set the modification effective as of the last day of the modification hearing for the following six reasons:

1. This was a long and complicated matter made more complicated by [Father's] lack of understanding of the law and his overly aggressive approach. This case involved multiple attorneys for both parties, and [Father] was pro se for a large part of the case and both days of trial. The changes in defense counsel were due to an unavoidable health issue and the challenges to defense counsel on the basis of an alleged conflict of interest.

2. The litigiousness of [Father] has resulted in excessive delays. Needless motions concerning parenting and discovery were filed and adjudicated. While [Father] was represented, the case progressed efficiently because the superfluous discovery and motions ceased. [Father's] incomplete understanding of the Tennessee Rules of Civil Procedure and the Tennessee Rules of Evidence has resulted in this file growing to what is nothing short than 5 files and several buckets thick and the delay attendant to the multitude of pleadings.

3. The punitive nature with which [Father] continuously attacked [Mother's] son has been superfluous. While the Court understands [Father's] concerns, to continuously badger [Mother] about her son's behavior which was never shown to impact the two minor children was unnecessary.

[Father's] behavior with respect to [Mother's] son's arrest is appalling. The punitive nature with which [Father] has continued to handle the situation is inappropriate. [Father] is an intelligent man. Telling his daughters about their brother's arrest and discussing their brother's poor decision-making was over and beyond what was necessary. It is not in their best interest for [Father] to continuously update or involve the children in this litigation. This conduct served to delay the support modification hearing.

4. [Father] has repeatedly violated this Court's orders with respect to the medical decision making. This Court entered an Order September 15, 2011, directing that all medical decisions would be made solely by [Mother]. This Court finds, and [Father] acknowledges, that he has violated this order on multiple occasions. [Father's] intentional and continuous violation of this Court's orders is not acceptable. While the Court acknowledges that [Father] loves and cares for his daughters, his actions must fall within the restraints ordered by this Court. His constant disobedience of court orders increased delay.

5. [Father] points to [Mother's] change of counsel as the reason for multiple delays in this matter. [Father] fails, however, to point out that he, too, had multiple attorneys. The changes in counsel for both parties certainly caused this matter to be delayed. However, it was [Father's] numerous pleadings and irrational knee-jerk reactions such as calling the police when [Mother] was 2 minutes late that caused additional problems and needless litigation.

6. While [Father's] income has decreased since the last child support order, he still has a higher earning potential than [Mother]. [Mother's] income has also increased since the initial child support order.

Focusing on rationales one and two, Father asserts that the trial court erroneously found him to be the sole cause of the delay in completing the hearing on his motion to modify support because the court ignored the multiple delays caused by Mother's change of counsel. Contrary to Father's assertion, the court did not find him solely responsible for the delay. The court acknowledged in rationale five that Mother's change of attorneys caused delays: "The changes in counsel for both parties certainly caused this matter to be delayed." The court concluded, however, that it was Father's "numerous pleadings," "overly aggressive approach," and "litigiousness" that caused the hearing to be excessively delayed.

Because the record does not contain a transcript of the evidence or a statement of the evidence, we must rely on the technical record. The evidence in the technical record supports the trial court's findings. During the periods when Father was represented by an attorney, the case progressed efficiently because few pleadings were filed. Although Father correctly points out that, while pro se, he filed motions to set the final day of the modification hearing, he also filed numerous other motions, which resulted in delays. For instance, he filed various motions to compel, for contempt, to allow additional discovery, for temporary restraining orders, to permit the children to address the court, and for the court to accept a certified copy of Mother's adult son's arrest report. Thus, the trial court had to repeatedly delay the last day of the support modification hearing in order to address all of the other motions Father filed.

- 6 -

Father next asserts that, by finding in rationale six that he "has a much higher earning potential" than Mother, the trial court erroneously determined he was willfully underemployed. Father misinterprets the trial court's findings. The court did not find that he was willfully underemployed. Rather, the court found that, based on a comparison of Father's education and work experience compared with those of Mother, Father has the potential to earn substantially more money than Mother. Thus, the court implicitly found that, although Father did overpay a significant amount of child support while the case was pending, he faced less resulting hardship than Mother would face if ordered to repay the discrepancy. Based, in part, on that finding, the court concluded that the equities of the case required it to exercise its discretion not to order the modification retroactive to the filing of the petition to modify. The record contains no evidence contradicting the trial court's findings. Father, therefore, fails to establish that the trial court abused its discretion in determining when the reduction in child support was to begin.

### C. Illogical conclusion.

Father contends that the trial court abused its discretion in denying his request to order the support modification retroactive to the filing of his petition because the court based its determination on an illogical conclusion. His argument on this issue focuses on the trial court's third rationale that Father's continuous attacks against Mother about her adult son's arrest were "superfluous." Father does not dispute the trial court's findings on this issue. His argument is slightly confusing, but we believe he is arguing that the court's decision was illogical because, if the court disapproved of his behavior, it should have ordered him to pay Mother's attorney fees as a sanction.

Pursuant to Rule 11.02(1) of the Tennessee Rules of Civil Procedure, an attorney or unrepresented party certifies that any motion he or she presents to a court "is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." If Rule 11.02 is violated, the court may, on its own initiative, "enter an order describing the specific conduct that appears to violate subdivision 11.02 and directing . . . [the] party to show cause why it has not violated" the rule. TENN. R. CIV. P. 11.03(1)(b). If the party fails to show cause, the court may, in certain circumstances, award "'the reasonable expenses and attorney's fees incurred in presenting or opposing the motion,' as well as appropriate sanctions." *Terry v. Jackson-Madison Cnty. Gen. Hosp. Dist.*, 572 S.W.3d 614, 635 (Tenn. Ct. App. 2018) (quoting TENN. R. CIV. 11.03(1)(a)). Decisions regarding whether or not to award sanctions pursuant to Rule 11.03 are discretionary. *Id.* at 635-36; *see also Baxter Bailey Invs. LLCv. APL Ltd. Inc.*, No. W2015-00067-COA-R3-CV, 2015 WL 5560563, at *3 (Tenn. Ct. App. Sept. 21, 2015) (stating that "appellate courts review a trial court's decision to impose sanctions under an abuse of discretion standard"). Because the decision whether to sanction pursuant to Tenn. R. Civ. P. 11.03 is discretionary, the trial court was not required to sanction Father due to any perceived harassment of Mother regarding her adult son. This argument is without merit.

- 7 -

D.  Bias.

Finally, Father argues that the trial court demonstrated a "prejudicial bias" against him when it found that granting his request to order the support modification retroactive to the filing of the petition would "deprive the children of necessary support." We interpret Father's argument to be that the trial judge should have recused herself because she was biased against him.

All litigants are entitled to an impartial court. *Kershaw v. Kershaw*, No. M2009-00151-COA-R3-CV, 2009 WL 4039262, at *4 (Tenn. Ct. App. Nov. 20, 2009) (citing *Caudill v. Foley*, 21 S.W.3d 203, 214 (Tenn. Ct. App. 1999)). Generally, "'a judge should recuse himself or herself if there is any doubt regarding the judge's ability to preside impartially or if the judge's impartiality can reasonably be questioned.'" *Id.* (quoting *Caudill*, 21 S.W.3d at 214). "'[R]ecusal is also warranted when a person of ordinary prudence in the judge's position, knowing all of the facts known to the judge, would find a reasonable basis for questioning the judge's impartiality.'" *Id.* (quoting *Alley v. State*, S.W.2d 810, 820 (Tenn. Crim. App. 1994)).

Here, Father never filed a motion to recuse. "After the facts supporting a motion to recuse are known, the party seeking recusal must file the motion promptly." *Kershaw*, 2009 WL 4039262, at *4. A failure to file a motion to recuse timely results in a waiver of the party's right to challenge the impartiality of the judge. *Id.* Thus, Father has waived the right to challenge the judge's impartiality.

In light of the foregoing, we conclude that the trial court did not abuse its discretion in determining that the support modification should be effective as of the last day of the modification hearing.[2]

II.  Frivolous appeal.

Mother argues that she should be awarded attorney fees, interest, and costs because Father's appeal was frivolous. Tennessee Code Annotated section 27-1-122 governs frivolous appeals and provides:

---

[2] In his appellate brief, Father also argues that the trial court abused its discretion because it referenced matters that "were never specifically presented to the Trial Court." He fails to identify, however, which matters he believes the trial court improperly referenced, and he fails to cite where in the record those references are located or to any authority supporting his argument. Rule 27(a)(7) of the Tennessee Rules of Appellate Procedure and Rule 6(a)(1) of the Rules of the Court of Appeals require an appellant's brief to identify the alleged erroneous actions of the trial court and to cite where in the record those alleged errors appear as well as to supporting legal authority. Generally, when a party fails to refer properly to the record or to cite to relevant authority for a particular issue, we consider that issue waived. *Bean v. Bean*, 40 S.W.3d 52, 55 (Tenn. Ct. App. 2000). We have no duty "to verify unsupported allegations in a party's brief or to research and construct the party's argument." *Chiozza v. Chiozza*, 315 S.W.3d 482, 489 (Tenn. Ct. App. 2009). Thus, due to the deficiencies in Father's briefing of this issue, we consider it waived.

When it appears to any reviewing court that the appeal from any court of record was frivolous or taken solely for delay, the court may, either upon motion of a party or of its own motion, award just damages against the appellant, which may include but need not be limited to, costs, interest on the judgment, and expenses incurred by the appellee as a result of the appeal.

Decisions to award a party damages for a frivolous appeal "rest[] solely in the discretion of this Court." *Chiozza v. Chiozza*, 315 S.W.3d 482, 493 (Tenn. Ct. App. 2009). "An appeal is frivolous when it has 'no reasonable chance of success' or is 'so utterly devoid of merit as to justify the imposition of a penalty.'" *Id.* (quoting *Davis v. Gulf Ins. Grp.*, 546 S.W.2d 583, 586 (Tenn. 1977)). In order to avoid discouraging legitimate appeals, "[w]e exercise our discretion under this statute sparingly." *Id.*

Here, although several of Father's arguments were without merit, we conclude that his appeal is not so devoid of merit so as to warrant the award of damages under the statute. We, therefore, decline to exercise our discretion to award Mother damages pursuant to the statute.

CONCLUSION

The judgment of the trial court is affirmed. Costs of this appeal are assessed against the appellant, Bradley Church, for which execution may issue if necessary.


_/s/ Andy D. Bennett_____
ANDY D. BENNETT, JUDGE